# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40920
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABRAHAM GARCIA-AGUILERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-194-ALL

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Abraham Garcia-Aguilera ("Garcia") appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Although his indictment cited § 1326(b)(1), Garcia argues that the Government effectively amended the indictment so that he would receive an increased sentence under the broader provisions of § 1326(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Garcia did not object on this basis below, we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). To show plain error, the appellant must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this Court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Garcia's argument is based, in part, on the Government's statement at sentencing that, because he had a prior drug-trafficking conviction, his indictment should have cited to § 1326(b). However, there is no indication that his indictment actually was amended. His indictment specified § 1326(b)(1), he was advised at re-arraignment of the statutory maximum under that subsection, his sentence was calculated using that same statutory maximum, and the district court's judgment cited § 1326(b)(1).

Garcia also argues that, because his indictment specified § 1326(b)(1), which applies to, *inter alia*, aliens whose removal was subsequent to a conviction for a "felony (other than an aggravated felony)," the district court could not impose a 16-level enhancement for his prior drug trafficking offense without effectively amending the indictment. Garcia has not shown plain error. A sentencing judge is "entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The Guidelines themselves do not differentiate between the different subsections of § 1326. *See* U.S.S.G. App. A (Statutory Index). In addition, when determining the Guidelines sentence, the "greatest" specific offense characteristic should be applied. *See* § 2L1.2(b)(1). In addition, § 1326(b) constitutes a sentencing enhancement rather than an element of the offense that must be set forth in the indictment and

proven beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

AFFIRMED.